UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GORDON MARTINES,

    Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,

    Defendants.

Case No. 2:12-cv-01441-LDG (PAL)

**ORDER**

    The plaintiff, Gordon Martines, works as a police officer with defendant Las Vegas Metropolitan Police Department. He sues the LVMPD, as well as numerous individuals, for numerous causes of action, including multiple claims of tortious discharge (though he admitted in his deposition that he remains employed by the LVMPD). The defendants have moved for summary judgment (#36), which motion Martines has opposed (#40). Having considered the pleadings, the arguments of the parties, and the evidence submitted by the defendant (Martines has not submitted any evidence), the Court concludes that the motion is meritorious and will grant summary judgment in favor of defendants.

Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.*, at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the

2

moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.,* at 325. Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). That is, the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

A)	Factual Background

The defendants have submitted a statement of facts in support of their motion, which statement is supported by citations to the evidence they have submitted with their motion. The plaintiff has not submitted any additional evidence. Rather, the plaintiff concedes that the only evidence to which he cites is that submitted by the defendants in their moving papers. He also concedes that, in opposing the motion, he has "use[d] much language from the Defendants' Brief." A review of his opposition indicates that his only citations to the evidence is for the same purpose for which the defendants have cited the

evidence. That is, all of the plaintiff's citations to evidence are as unidentified quotes[1] of the defendants' statement of fact. Further, while the plaintiff's opposition makes several statements inconsistent with or contrary to the defendants' statement of facts, these contrary or inconsistent statements are not supported with any citation to the evidence submitted by the defendants.

     While the Court must construe the evidence, and conflicts in the evidence, in the light most favorable to the plaintiff, the only evidence and construction of that evidence is that suggested by the defendants. As noted, the plaintiff has not submitted any evidence in support of his opposition, but has merely cited to the defendant's exhibits. The opposition does not identify, with the evidence submitted by defendants, any evidence that is inconsistent with the specific evidence upon which the defendants rely. Nor does the opposition suggest some manner of construing the evidence that is contrary to the construction suggested by the defendants. In short, the only evidence before the court, and the only construction of that evidence, is that set forth in the defendants' statement of facts. Thus, following the plaintiff's lead, the Court adopts the defendants' statement of facts, but for brevity will not quote it.

    B)    <u>Analysis</u>

        1.    Unopposed Arguments

     The defendants moved for leave to file an over-length brief, to allow them to make arguments as to each of the plaintiff's twenty-one claims. The plaintiff's opposition fails to offer any argument that summary judgment is inappropriate as to his second, sixth, twelfth, thirteenth, fourteenth, fifteenth, seventeenth, eighteenth, and nineteenth causes of action. Accordingly, summary judgment is appropriate as to each of these causes of

---

[1] The plaintiff's numerous quotations of the defendants' language are unattributed in the sense that he neither provides a pin cite nor uses quotation marks. Rather, he has excused his extensive quotations so as "to make the arguments for the case more streamlined." Plaintiff's Opposition, at p. 2, l. 6.

action. The defendants also specifically argued that the individual defendants are entitled to qualified immunity as to each of the plaintiff's federal claims against them. The plaintiff's opposition lacks any argument that the defendants are not entitled to qualified immunity.

        2.       Tortious Discharge.

The defendant is currently employed with the LVMPD, and has been employed by the LVMPD at all relevant times, though he has (with a brief exception) not reported for work since November 7, 2010. On that date, he returned to work from a vacation, had a meeting with Sgt. Melton, and shortly afterward reported to Sgt. Melton that he was not feeling well. Sgt. Melton approved plaintiff taking leave. The plaintiff filed a worker's compensation claim, alleging he suffered an occupational injury of anxiety as a result of being reprimanded by his supervisor, and from seeing his desk ransacked. LVMPD's administrator denied the claim, and the Nevada Department of Administration affirmed the denial. The plaintiff was ordered to return to work in June 2011, as he had not submitted a doctor's note excusing him from work. The plaintiff was assigned to the Downtown Area Command.

On June 12, 2011, the plaintiff alleged he suffered an occupational injury from watching surveillance monitors for extended periods of time. LVMPD's administrator denied this claim. On April 13, 2012, the denial was reversed on the basis that plaintiff's heart disease claim was compensable.

Other than briefly reporting for duty in June 2011, the defendant has not reported for work since November 7, 2010. The defendant continued receiving paychecks through July 27, 2012, in which he was paid for the period between July 7, 2012, through July 20, 2012. The July 27, 2012, paystub indicated plaintiff had 4.53 hours of vacation and 2.35 hours of sick leave. The plaintiff resumed receiving compensation on Sept. 15, 2012.

The plaintiff argues this interruption in pay constitutes a discharge.

The evidence, however, is that the plaintiff exhausted his available leave time in July 2012, and his worker's compensation claim had yet to be fully approved. Indeed, the plaintiff acknowledged as much in two e-mails he sent in late August 2012. In the first, addressed to his former worker's compensation attorney, he terminates the relationship "due to a neglect on your part, to not manage properly and keep up to date, the necessary paperwork required for me to finally being granted and enjoy the benefits of being on workers compensation, which was granted on April 13, 2012. . . ." In the second e-mail, to an accounting technician with the LVMPD, he indicates that he is "trying very hard to correct the mess that has been created by [his] ex-workman's comp attorney . . . and [he was] in the process of locating another workman's comp attorney to help [him] regain my workman's comp status. . . ." In September, the plaintiff's worker's compensation was fully approved, and his compensation was restored. The plaintiff has not offered any evidence that his interruption in pay was the result of being discharged.

In addition, even assuming the brief interruption in pay somehow constituted a "discharge," the plaintiff offers no argument or evidence indicating that the interruption of pay starting July 2012, was because (1) he subsequently filed the instant lawsuit on August 14, 2012 (Cause 21); or (2) he refused to participate in the cover-up of mishandled evidence in July or August 2010 (Cause 8); or (3) he conducted an investigation in 2001 or 2002 of a 1996 murder (Cause 9); or (4) both of the previous two reasons (Cause 7); (4) or because he had filed and obtained an award of worker's compensation benefits (Cause 10). Indeed, as the plaintiff's own e-mail acknowledges, the interruption occurred because he had not yet obtained the award of worker's compensation benefits, an event of which he was aware and which he blamed his former worker's compensation attorney.

Accordingly, summary judgment is appropriate as to the plaintiff's tortious discharge claims (Causes of Action 7, 8, 9, 10, 21).

6

### 3. Discrimination

The defendants argue summary judgment is appropriate as to plaintiff's age and race discrimination claims because the plaintiff cannot show the prima facie elements that he was performing his job satisfactorily, that he suffered an adverse employment action, or that others outside of his protected class were treated differently. The defendants further argue that, even assuming the plaintiff could show prima facie claims, any adverse employment actions were for legitimate, non-discriminatory reasons.

The plaintiff asserts that he received better than satisfactory performance reviews for 34 years, but does not provide a citation to any evidence in support of the assertion. More critically, while the plaintiff asserts that the evidence shows he was performing his job satisfactorily, the only evidence to which he cites indicates that just prior to November 7, 2010, he was not.

The plaintiff asserts that he suffered adverse employment actions, but cites only to his complaint. As to the incidents or events alleged in the complaint, the plaintiff has not offered any argument or citation to authority suggesting such actions are adverse employment actions. Rather, his only argument of an adverse employment action was the interruption in pay in July 2012.

As to the interruption in pay, the plaintiff asserts that others outside of his protected class were treated more favorably because he was the only employee to have his pay and benefits terminated. The argument fails, however, because the record establishes a legitimate, non-discriminatory reason for the interruption in pay: he was on leave, had exhausted his vacation and sick leave, and had not completed the necessary steps to be granted workers compensation status and benefits. The plaintiff has not offered any argument that the decision to stop the pay of an employee who is on leave, who has exhausted his vacation and sick leave, and who has no other basis for receiving pay is not legitimate and non-discriminatory. The plaintiff has not offered any evidence that the

7

decision was discriminatory as to him because another employee, who was similarly-situated (that is, on leave, with exhausted sick and vacation leave, and no other basis to receive pay) nevertheless continued to receive pay.

In sum, the plaintiff has not raised a triable issue of fact as to either of his discrimination claims (Causes of Action 1, 3) and summary judgment in favor of the defendants is appropriate.

### 4. Retaliation

In seeking summary judgment as to plaintiff's retaliation claims, the defendants concede he engaged in the protected activities of filing an Equal Employment Opportunity claim and a worker's compensation claim. The defendants further concede, for purposes of their motion, that objecting to and refusing to participate in the cover-up of mishandled evidence is protected activity.[2] They argue, however, that investigating a murder case is not protected activity. The defendants again argue that the plaintiff cannot show he was subjected to an adverse employment action. Finally, even if there was an adverse employment action, the defendants argue that the plaintiff cannot show a causal connection between the protected activity and the adverse employment action.

The Court agrees that plaintiff's participation in 2001 or 2002 of an investigation of a 1996 murder is neither protected activity, nor could there exist a causal connection between that activity and any of the alleged adverse employment actions that he alleges began in late 2010.

The plaintiff again identifies, as an adverse employment action, the interruption in pay. He further argues that he was subjected to the adverse employment actions of being served with a pre-termination hearing notice after filing this lawsuit, and an internal

---

[2] The defendants do so despite noting the lack of any evidence of any cover-up or mishandling of evidence as alleged by the plaintiff. The Court would further note that, in his opposition, the plaintiff concedes he cannot prove the cover-ups or "other criminal activity by these defendants," only that he spoke out.

investigation was initiated against him for failing to properly organize his desk and improperly storing evidence. As noted by the defendants, however, neither of the latter two actions are adverse employment actions. Further, the evidence establishes the LVMPD had legitimate reasons for engaging in these actions. Similarly, as previously discussed, the interruption in pay was for a legitimate reason.

Finally, the Court must agree with the defendants that no plausible causal connection exists between plaintiff's asserted protected activities regarding the cover-up of evidence and his interruption in pay.[3]

Accordingly, the defendants are entitled to summary judgment as to the plaintiff's retaliation claims (Causes of Action 4 and 20).

    5.  Intentional Infliction of Emotional Distress

In his opposition, the plaintiff has not identified, much less offered evidence, of shocking and outrageous conduct by any defendant necessary to maintain a claim for intentional infliction of emotional distress. Summary judgment is appropriate as to this claim (Cause of Action 11).

    6.  First, Fifth, and Fourteenth Amendments

For reasons previously articulated by the Court, summary judgment is appropriate as to the plaintiff's Cause of Action 5, asserting a 42 U.S.C. §1983 claim for violations of the First, Fifth, and Fourteenth Amendments.

THEREFORE, for good cause shown

---

[3] To the extent that the plaintiff argues that his filing of the instant lawsuit was also protected activity, he has failed to show how this protected activity caused any alleged adverse employment actions other than his receipt of the notice of a pre-termination hearing. As plaintiff concedes, despite receiving the notice, the pre-termination hearing never occurred.

1  THE COURT **ORDERS** that Defendants' Motion for Summary Judgment (#36) is
2  GRANTED.

4  DATED this ___28___ day of March, 2014.

   _____
   Lloyd D. George
   United States District Judge